# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |  |
|---|---|---|
| **JOHNNIE GLADNEY**, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:22-cv-1468 |
| | : | |
| **SECURITAS SECURITY** | : | |
| **SERVICES USA, INC.** | : | |
| 9 Campus Drive | : | |
| Parsippany, NJ 07054-4408 | : | |
| | : | |
| Serve: R/A: National Registered Agents, Inc. | : | |
| 4701 Cox Road | : | |
| Ste. 285 | : | |
| Glen Allen, VA 23060 | : | |
| | : | <u>TRIAL BY JURY DEMANDED</u> |
| Defendant. | : | |
| | : | |

## <u>COMPLAINT</u>

COMES NOW, the Plaintiff, Johnnie Gladney ("**Gladney**" or "**Plaintiff**"), by and through his undersigned counsel and moves this Honorable Court for judgment against the Defendant, Securitas Security Services USA, Inc. ("**Securitas**" or "**Defendant**"), on the grounds and praying for the relief hereinafter set forth:

### <u>Introduction</u>

1. This action involves the retaliation and wrongful discharge of Plaintiff Gladney by Defendant Securitas.

2. Plaintiff is a former employee of Defendant.

3. On or around June 3, 2019, Plaintiff was terminated from his position of employment after filing HR complaints and participating in HR investigations.

**Parties**

4. Plaintiff, Johnnie Gladney, is, and at all times relevant hereto, a resident of the Commonwealth of Virginia.

5. Defendant, Securitas Security Services USA, Inc., is a provider of security services. Plaintiff worked for Defendant as a Control Room Officer at the IAD client site out of the Chantilly, Virginia branch office.

**Jurisdiction and Venue**

6. This action is brought by Plaintiff for damages and injunctive relief on account of Defendant's retaliatory practices as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("**Title VII**").

7. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and *et seq* 42 U.S.C. § 2000e *et seq*.

8. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to these claims occurred in this district, and as all of the acts complained of herein occurred in Fairfax County, in the Commonwealth of Virginia.

9. Plaintiff has satisfied all of the procedural and administrative requirements set forth in Section 706 of Title VII, 42 U.S.C. § 2000e-5, in particular:

   a. On or around April 22, 2020, Plaintiff filed charges with the United States Equal Employment Opportunity Commission (EEOC) alleging discrimination on account of his race, gender, and retaliation.

   b. On October 3, 2022, the EEOC issued Plaintiff a notice of dismissal and notice of suit rights, which was received by Plaintiff shortly thereafter.

c. The Complaint in this matter was filed with this Court within ninety (90) days from the receipt of the "Notice of Right to Sue".

<u>**Statement of Facts**</u>

10. Plaintiff was employed by Defendant from July 31, 2018 until his termination on June 3, 2019.

11. Plaintiff's primary position was as a Control Room Operator ("**CRO**") at Defendant's IAD client site in Chantilly, Virginia.

12. Defendant's IAD client site was managed by Deanna Brown ("**Ms. Brown**"), the Cluster Account Manager.

13. When Plaintiff was terminated, his direct supervisor was Aneela Kwanal ("**Captain Kwanal**"). Captain Kwanal was the Site Supervisor at Defendant's IAD client site.

14. Captain Kwanal also supervised, *inter alia,* CRO Anthony Hargrove ("**CRO Hargrove**"), CRO Komba Sia-Mamie ("**CRO Sia-Mamie**"), Officer Christian Yuhas ("**Officer Yuhas**"), Officer Eric Haldeman ("**Officer Haldeman**"), Shift Supervisor ("**SS**") Tarajee Williams ("**SS Williams**"), SS Jeremiah Garcia ("**SS Garcia**"), Training Manager ("**TM**") Tyrone Fulford ("**TM Fulford**"), and TM Cain Corcoran ("**TM Corcoran**").

15. CRO Hargrove, CRO Sia-Mamie, Officer Yuhas, and Officer Haldeman would have been a comparator of Plaintiff.

16. In December 2018, Plaintiff reported to TM Fulford that TM Corcoran had been sexually harassing Plaintiff and making inappropriate comments about other employees located at the IAD client site, including Cluster Account Manager Ms. Brown, Captain Kwanal, Captain Jerome Black ("**Captain Black"**), SS Williams, TM Fulford, Director of Operations Justin Boudville ("**Mr. Boudville**"), Data Center Security Manager ("**DSM**") Eric Sappor ("**DSM**

**Sappor**”), and DSM Afton Robinson (“**DSM Robinson**”).

17. TM Fulford instructed Plaintiff to prepare and submit a statement to Ms. Brown regarding TM Corcoran's sexual harassment of Plaintiff and inappropriate comments about the other employees located at the IAD client site. Plaintiff thereafter submitted a statement to Ms. Brown.

18. After Plaintiff submitted his statement to Ms. Brown, he was subject to increased scrutinization by Ms. Brown, Captain Kwanal, and DSM Sappor.

19. On or around January 7, 2019, Ms. Brown issued Plaintiff a written Counsel and Corrective Actions Report (“**CCAR**”) after Plaintiff momentarily left his post to get food. Ms. Brown issued Plaintiff this CCAR despite the fact Plaintiff had received permission from both SS Williams and TM Fulford to leave his post for that purpose.

20. On or around March 11, 2019, Captain Kwanal issued Plaintiff a written CCAR following an audit conducted by DSM Sappor. Captain Kwanal issued Plaintiff this CCAR despite the fact Plaintiff was not present for the audit. Captain Kwanal thereafter demoted Plaintiff to a patrol officer, with less pay, and decreased his work schedule from five (5) days a week to four (4).

21. On or around March 17, 2019, Plaintiff filed a formal complaint against Ms. Brown, Captain Kwanal, and DSM Sappor with Securitas Area Employee Relations and Compliance Manager Lynette Webster (“**Ms. Webster**”).

22. Plaintiff's formal complaint included a six-page statement, alleging that he had been subjected to disparate treatment by Ms. Brown, Captain Kwanal, and DSM Sappor since Plaintiff reported TM Corcoran's sexual harassment and inappropriate comments regarding employees located at Defendant's IAD client site, including Ms. Brown, Captain Kwanal, and DSM Sappor.

23. Plaintiff also submitted statements to Ms. Webster from both SS Williams, to dispute the January 7, 2019 CCAR, and Officer Garcia, to dispute the March 11, 2019 CCAR.

24. On April 8, 2019, Plaintiff met with Ms. Webster, Ms. Brown and Securitas Region Employee Relations Representative Heather Cairns ("**Ms. Cairns**") to discuss his formal complaint.

25. Ms. Webster had Ms. Brown attend the meeting, despite the fact that Plaintiff's formal complaint was against Ms. Brown.

26. During this meeting, Ms. Brown said that Plaintiff was not promoted to a supervisor position in another building because DSM Sappor does not want Plaintiff there.

27. Plaintiff thereafter participated in an investigation with Ms. Cairns regarding his formal complaint against Ms. Brown, Captain Kwanal, and DSM Sappor.

28. During this investigation, Plaintiff became aware that his complaints to Ms. Webster and investigation by Ms. Cairns were being widely discussed at the IAD client site. As a result, some employees, including CRO Hargrove, did not want to participate in Ms. Cairns' investigation for fear of reprisal.

29. On May 9, 2019 Ms. Cairns informed Plaintiff that he would need to retrain before he could return to a CRO or supervisor role.

30. On May 31, 2019 Director of Operations Mr. Boudville requested Plaintiff to sign a document stating that Defendant's investigation into Plaintiff's HR complaints was complete and that Plaintiff was satisfied with the investigation.

31. Mr. Boudville told Plaintiff he would need to sign the document in order to be compensated for the time period Plaintiff was demoted.

32. Plaintiff told Mr. Boudville that he would not sign that document because he was not

satisfied with HR's investigation and did not agree that it was complete.

33. When Plaintiff reported to work the following day, his badge didn't work and he was told to go to the main office. Plaintiff was then terminated without explanation.

34. Plaintiff was terminated in retaliation for filing HR complaints and participating in HR investigations.

35. At all relevant times, Defendant was an "employer" as that term is defined in 42 U.S.C. § 2000e(b) as it is a company "engaged in an industry affecting commerce who ha[d] fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or proceeding calendar year." Defendant is thus covered by and subject to Title VII of the Civil Rights Act of 1964.

**COUNT I**
**<u>Retaliation and Wrongful Discharge in Violation of Title VII</u>**
**<u>of the Civil Rights Act of 1694, as amended</u>**

36. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint with the same force and vigor as if set out here in full.

37. Plaintiff engaged in protected activity through his reporting to HR and participation in HR investigations, including in December, January and March 2019.

38. Plaintiff was terminated on or around June 3, 2019.

39. By its acts and omissions alleged herein, Defendant intentionally deprived Plaintiff of equal employment opportunities for reporting and participating in investigations with HR.

40. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, front pay, back pay, employment benefits, career path opportunities,

6

and expenses, in an amount to be proven at trial.

41. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered compensatory damages, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to his damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

42. In acting as alleged herein, Defendant has acted maliciously, fraudulently, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

43. As a result of Defendant's acts of retaliation as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of this suit.

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

A. Enter judgment on his behalf against Defendant;

B. Award Plaintiff compensatory damages and punitive damages;

C. Award Plaintiff back pay and front pay;

D. Award Plaintiff his court costs, expenses, attorneys' fees, prejudgment interest and post-judgement interest;

E. Declare that Defendant's conduct is in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*.;

F. Order that Defendant be prohibited from continuing to maintain its illegal policy, practice or custom to further rights afforded to individuals, and, to those who exercise or who

attempt to exercise their rights under Title VII.

G.  Order that Defendant be required to promulgate an effective policy against such retaliation and to adhere thereto; and,

H.  Grant such other relief as this Court may consider just and proper.

## DEMAND FOR JURY TRIAL

In accordance with F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

JOHNNIE GLADNEY,

By: /s/ Elizabeth Velander_____
 Dirk McClanahan (VSB No. 81208)
 Elizabeth Velander (VSB No. 96015)
 MCCLANAHAN POWERS, PLLC
 3160 Fairview Park Drive, Suite 410
 Falls Church, VA 22042
 Telephone: (703) 520-1326
 Facsimile:  (703) 828-0205
 Email: dmcclanahan@mcplegal.com
  evelander@mcplegal.com